UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE SAMS-SCHWARTZ,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                   /

Case No. 10-12619

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_June 8, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Annette Sams-Schwartz ("Plaintiff") applied for Social Security Disability Insurance Benefits on July 5, 2007, alleging that she became disabled on September 1, 2005. The Social Security Administration denied her claim at the initial administrative stages. After holding a hearing, Administrative Law Judge ("ALJ") Henry Perez, Jr. issued a July 6, 2009 decision in which he concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 12, 2010. Thus, the ALJ's decision became the final decision of Defendant Commissioner of Social Security ("Commissioner"). On July 1, 2010, Plaintiff filed this action, seeking judicial review of the Commissioner's decision.

Plaintiff and the Commissioner have each moved for summary judgment. The Court has referred both motions to Magistrate Judge Mona K. Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B). On April 14, 2011, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") in which she concludes that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Magistrate Judge Majzoub recommends that this Court deny Plaintiff's motion and grant the Commissioner's motion. At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections to the R&R on April 21, 2011.

## I. Standard of Review

Under 42 U.S.C. Section 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . ..

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d

1147, 1150 (8th Cir. 1984)). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The court reviews *de novo* the parts of an R&R to which a party objects. Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). However, the Court "is not required to articulate all the reasons it rejects a party's objections." *Id.*

## II. Analysis

An ALJ considering a disability claim is required to follow a five-step process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ need not proceed further. *Id.* However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id.* "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step sequential process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i).[1]

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 1, 2005. A.R. at 25.

3

      requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).[2]

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3] *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4] 20 C.F.R. § 404.1520(a)(4)(iv).

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

As stated in the R&R, Magistrate Judge Majzoub found substantial evidence in the record to support the ALJ's determination at each step. Plaintiff has filed objections to the R&R.

Plaintiff first objects to Magistrate Judge Majzoub's analysis of the ALJ's decision to give reduced weight to Plaintiff's Global Assessment of Functioning ("GAF") score. Plaintiff argues that even a subjective assessment such as the GAF score should be given weight in the ALJ's analysis, as the fields of psychiatry and psychology are based upon

---

[2] The ALJ concluded that Plaintiff has the following severe impairments: depression; anxiety; and a history of alcohol abuse. A.R. at 25.

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not. A.R. at 25.

[4] The ALJ found that Plaintiff had the residual functional capacity to perform a full range of unskilled work at all exertional levels but with the following nonexertional limitations: routine production and stress; simple job assignments; occasional contact with the public; and little to no changes in the work setting. A.R. at 26. The ALJ found that Plaintiff was capable of performing her past relevant work as a factory inspector, and therefore concluded that Plaintiff is not under a "disability" as defined in the Social Security Act. A.R. at 30.

subjective evidence and interview observations. Magistrate Judge Majzoub and the ALJ correctly pointed out that there is no statutory or regulatory authority requiring the ALJ to use the GAF score. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 511 (6th Cir. 2006). Furthermore, the examining consultant that provided the GAF score failed to note any functional limitations or serious impairments affecting Plaintiff's ability to work. As the GAF score characterizes Plaintiff's overall mental health rather than her ability to work, the ALJ was not required to factor the GAF score into his assessment of functional capacity. Magistrate Judge Majzoub did not err in her analysis, and the Court therefore rejects Plaintiff's objection.

Plaintiff disagrees with Magistrate Judge Majzoub's conclusion that the ALJ properly considered the findings of the nonexamining state agency psychologist. Plaintiff asserts that a nonexamining professional's opinion cannot constitute substantial evidence supporting the ALJ's decision, but Plaintiff fails to support this assertion with any legal authority. Social Security regulations require the ALJ to "consider all evidence from nonexamining sources to be opinion evidence." 20 C.F.R. § 404.1527(f). Furthermore, the ALJ noted that the nonexamining consultant's opinion was consistent with other evidence in the record. Magistrate Judge Majzoub concluded that the ALJ properly considered the evidence before him, and this determination was not erroneous.

Plaintiff argues that the ALJ can only reject an examining physician's opinion for reasons supported by substantial evidence in the record. The examining consultant's report in this case, however, expressed no opinion as to Plaintiff's functional capacity. Rather, the consultant offered an assessment of Plaintiff's overall mental state. The Court

5

therefore cannot conclude that ALJ rejected the consultant's opinion in his assessment of Plaintiff's residual functional capacity. Accordingly, Plaintiff's objection is rejected.

### III. Conclusion

After careful review, the Court finds that Plaintiff's objections to Magistrate Judge Majzoub's R&R lack merit. The Court concurs with Magistrate Judge Majzoub's determination that the Commissioner's decision to deny Plaintiff's application for benefits was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the Court adopts Magistrate Judge Majzoub's Report and Recommendation to **AFFIRM** the decision of the Commissioner;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED** and the Commissioner's motion for summary judgment is **GRANTED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:

Kenneth Laritz, Esq.
William L. Woodard, A.U.S.A.
Magistrate Judge Mona K. Majzoub